**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>v.<br><br>HARRY WEINER and<br>DESIGN FOR LIVING TILE AND STONE,<br><br>                              Defendants. | Case No. 3:22-cv-00148-LRH-CLB<br><br>**ORDER GRANTING STIPULATION FOR ENTRY OF INJUNCTION ORDER** |

Plaintiff, the United States of America, and Defendants, Harry J. Weiner and Design for Living Tile and Stone, jointly move for entry of the attached Consent Judgment and Order for Injunction. The Parties stipulate as follows:

1. The United States filed a complaint alleging that the Defendants failed to file federal employment (Form 941) and unemployment (Form 940) tax returns and failed to collect and to pay over federal employment and unemployment taxes.

2. Mr. Weiner acknowledges that he is the owner of the entity known as Design for Living Tile and Stone ("DFLTS"), which is also a defendant in this matter. Mr. Weiner does not intend to retain counsel to defend the allegations alleged against DFLTS.

3. Mr. Weiner, without admitting any of the allegations in the complaint except as to jurisdiction, waives the entry of findings of fact and conclusions of law under Fed. R. Civ. P. 52, and consents to the entry of this Stipulated Judgment of Permanent Injunction ("Stipulated Judgment") under Fed. R. Civ. P. 65 and 26 U.S.C. § 7402.

4. Mr. Weiner consents to the entry of this Stipulated Judgment without further notice and agrees to be bound by its terms. Mr. Weiner further understands and agrees that the Court will retain jurisdiction over this matter for the purpose of implementing and enforcing this injunction, and understands that if the Defendants violate this injunction, the Defendants, or anyone acting in concert with the Defendants, may be found in contempt of court and may be sanctioned and/or imprisoned.

5. As of March 2023, DFLTS ceased operations. At the time of signing this Stipulation, neither DFLTS nor Mr. Weiner had resumed business operations.

6. In the event Mr. Weiner resumes the operations of DFLTS or another entity, Mr. Weiner stipulates that the terms of the Stipulated Judgment shall apply to the entity.

Accordingly, in light of the foregoing, it is hereby ORDERED and ADJUDGED that:

A. This Court has jurisdiction over this action and the Defendant pursuant to 26 U.S.C. § 7402 as well as 28 U.S.C. §§ 1340 and 1345;

B. An injunction is hereby entered against Defendants Harry Weiner and DFLTS for a five-year period from the date this Order is entered;

C. Defendants understands that this Stipulated Judgment constitutes the final judgment in this matter, and Defendants waives any right to file an appeal from this judgment;

D. In compliance with the Stipulated Judgment, Mr. Weiner and DFLTS must take the following actions:

    i. DFLTS and Mr. Weiner shall cause any employer entity that they control to withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

    ii.    DFLTS and Mr. Weiner shall cause any employer entity that they control to timely deposit withheld employee taxes and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

    iii.    DFLTS and Mr. Weiner shall cause any employer entity that they control to timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

    iv.    DFLTS and Mr. Weiner shall sign and deliver to a designated IRS Revenue Officer in Reno, Nevada, or to such location as the IRS may deem appropriate, on the first day of each month, proof that the requisite withheld income, FICA, and unemployment tax deposits were timely made. Such proof shall include but is not limited to an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

    v.    DFLTS and Mr. Weiner shall cause any employer entity that they control to timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Mr. Weiner shall provide a copy of each filed return to a designated IRS Revenue Officer in such manner as the IRS deems appropriate, within five days of filing;

    vi.    To the extent that DFLTS and Mr. Weiner did not cause any employer entity that they control to pay all required outstanding employment tax liabilities during the course of Mr. Weiner's bankruptcy case[1], DFLTS and Mr. Weiner shall cause any employer entity that they control to timely pay all

---

[1] *See In re Weiner*, 22-bk-50242-NMC (Bankr. D. Nev.) ("Bankruptcy Case").

required outstanding liabilities due on each return required to be filed under the Court's injunction order;

vii. DFLTS, Mr. Weiner, and any employer entity that they control are enjoined from paying other creditors of DFLTS, or from transferring, disbursing, or assigning any money, property, or assets of DFLTS, after the date of the injunction order until the required deposits described in paragraphs D-ii and D-iii, and any liabilities described in paragraph D-vi, have been paid in full, for any tax period ending after the injunction is issued;

viii. DFLTS, Mr. Weiner, and any employer entity that they control are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of DFTLS's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

ix. Mr. Weiner shall permit a representative from the IRS to inspect the books and records of DFTLS, and any other employer entity that he controls, periodically, with two business days' notice of each inspection;

x. For the five-year period beginning on the date the injunction order is entered, Mr. Weiner shall notify, in writing, such Revenue Officer as the IRS designates, if Mr. Weiner comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Mr. Weiner.

E. Mr. Weiner and DFLTS shall deliver all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

F. If Mr. Weiner or DFLTS violate any term of this injunction, then counsel for the United States shall send Defendants written notice of the violation, and Defendants shall have 10 days after notification is sent to cure the violation;

      i.    A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS Revenue Officer.

      ii.    If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

      iii.    If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Mr. Weiner or DFLTS, then the United States may file with this Court a motion for an Order to Show Cause why Mr. Weiner and DFLTS should not be held in contempt of the injunction; why DFLTS should not be ordered to cease doing business immediately; and why Mr. Weiner should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

G. This Court shall retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: October 23, 2023 | Respectfully submitted, |
| 3 | | DAVID A. HUBBERT |
| 4 | | Deputy Assistant Attorney General |
| 5 | | *s/Tijuhna A. Green* |
| 6 | | TIJUHNA A. GREEN |
| | | Trial Attorney, Tax Division |
| 7 | | U.S. Department of Justice |
| 8 | | P.O. Box 683 |
| | | Washington, D.C. 20044 |
| 9 | | Tijuhna.A.Green@usdoj.gov |
| 10 | | |
| 11 | Date: September 16, 2023 | *scanned signature page attached* |
| 12 | | Harry J. Weiner |
| | | 8080 North Applegate Road |
| 13 | | Grants Pass, OR 97527 |
| 14 | | *Defendant* |

| | |
|---|---|
| DATED: _____, 2023 | Respectfully submitted, |
| | DAVID A. HUBBERT<br>Deputy Assistant Attorney General |
| | *s/Tijuhna A. Green*<br>TIJUHNA A. GREEN<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 683<br>Washington, D.C. 20044<br>Tijuhna.A.Green@usdoj.gov |
| Date: 9-16, 2023 | *[signature]*<br>Harry J. Weiner<br>8080 North Applegate Road<br>Grants Pass, OR 97527<br>*Defendant* |

### ORDER

IT IS SO ORDERED.

DATED this 25th day of October, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE